Case 4:21-cv-03173   Document 1-1   Filed on 09/29/21 in TXSD   Page 1 of 7

Ex. 1

Received and E-Filed for Record
8/18/2021 11:43 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Camille Bradstreet

CAUSE NO. 21-08-11412 _____

| | | |
|---|---|---|
| JAASIN TAYLOR, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § § | |
| V. | § § § | MONTGOMERY COUNTY, TEXAS |
| BALL CORPORATION | § § § | Montgomery County - 284th Judicial District Court |
| *Defendant.* | § § § § § | _____ JUDICIAL DISTRICT |
| | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Plaintiff Jaasin Taylor complaining of Defendant Ball Corporation. ("Ball Corp." or "Defendant") and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

**I.   BACKGROUND**

Plaintiff was employed by Man Power Staffing Company. Man Power sent Plaintiff to the Ball Corporation Beverage Packaging and Recycling Plant in Conroe to handle materials. On or about Saturday July 24, 2021 Plaintiff arrived at Ball Corp. to find a baler-compactor spilling hot oil onto the floor. See next page:

1





The baler-compactor is used to crush and compact metal aluminum material into smaller bricks. The baler continued to leak hot oil for several hours until Ball Corp. employees finally serviced the machine Saturday evening.

On or about Sunday July 25, 2021 Plaintiff returned to Ball Corp. to find the machine still spilling hot oil on the floor. Plaintiff continued his work for Man Power at the Ball Corp. Plant, which consisted of handling, moving and stacking crushed aluminum bricks to a pallet using a hydraulic lift. As Plaintiff was turning the lift, he slipped on hot oil that was spilled on the floor. Plaintiff fell and hit a piece of machinery on the way down. Plaintiff landed on his back and laid in the fetal position on the hot oil for several minutes.

As a result, Plaintiff sustained first degree burns to his back and sustained injuries to his back and head. After this incident, Plaintiff sought medical treatment for his injuries. Plaintiff continues to treat and has a long road to recovery.

## II. DISCOVERY LEVEL

Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure Rule 190.3 and affirmatively plead that they seek monetary relief of in excess of the jurisdictional limits of this Honorable Court.

## III. PARTIES

Plaintiff is an individual residing in Texas.

Defendant Ball Corporation is a foreign for-profit corporation doing business in Texas. It may be served by and through its registered agent: CT Corp System, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## IV. JURISDICTION AND VENUE

This Court has jurisdiction over the Defendant, whom is registered to do business and actually does business in Texas. Venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County.

V.     **CAUSES OF ACTION**

   1. *NEGLIGENCE*

Plaintiff re-alleges each aforementioned allegation. Defendant owed a duty of reasonable care to the Plaintiff. Defendant breached the duty of reasonable care in one or more of the following non-exclusive ways, among others:

   a. Failing to institute and enforce precautionary measures to protect individuals working on the premises and work site;
   b. Failing to properly and timely fix, and warn of, any job hazards;
   c. Failing to safely schedule and/or plan the work;
   d. Failing to ensure safety personnel were in place;
   e. Failure to follow process safety measures as required by the industry standard;
   f. Failing to properly train and/or supervise those on site; and
   g. Failing to maintain a safe work environment for contractors at the facility.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

   2. *GROSS NEGLIGENCE*

Plaintiff re-alleges each aforementioned allegation.  Plaintiff will further show that the acts and/or omissions of Defendant, when viewed objectively from Defendant's standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others, namely those on the work site.  Defendant's employees had actual subjective awareness of the risk

involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff. Defendant knew or should have known of the risk or risks associated, and Defendant's actions and omissions constitute gross negligence and malice as those terms are understood by law. Therefore, Plaintiff prays that punitive damages be awarded against Defendant. Plaintiff would show that nothing Plaintiff did, or failed to do, in any way contributed to this incident.

## VI.    DAMAGES

Plaintiff brings this lawsuit to recover for injuries sustained as a result of this incident. Plaintiff seeks damages for physical impairment in the past and future, pain and suffering in the past and future, mental anguish in the past and future, medical expenses in the past and future, loss of earning capacity in the past and future, and loss of household services in the past and future. Plaintiff also seeks punitive damages in such amount as may be found proper and just under the facts and circumstances as determined by the jury. Further, Plaintiff seeks court costs, as well as pre-judgment and post-judgment interest at the appropriate rate allowed by law.

All conditions precedent have been performed or have occurred.

## VII.    JURY DEMAND

Plaintiff respectfully demands a jury trial and tender the appropriate fee.

## VIII.    PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer for the following:

   a. Physical pain and suffering in the past and future;

   b. Mental anguish in the past and future;

   c. Physical impairment in the past and future;

d. Medical expenses in the past and future;

e. Loss of consortium and companionship in the past and future;

f. Loss of earning capacity in the past and future;

g. Loss of household services in the past and future;

h. Punitive damages in such amount as may be found proper and just under the facts and circumstances as determined by the jury;

i. Cost of suit;

j. Prejudgment and post-judgment interest; and

k. All other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Ryan S. Pigg
State Bar No. 24088227
Cornelia Brandfield-Harvey
State Bar No. 24103540
Mauricio Guevara
State Bar No. 24123065
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**