| Kendzior's Opinion in *Jenkins v. Helmerich & Payne* that the Court Found Did Not Meet Admissibility Standards | Kendzior's Opinion in This Case | Reasons the Court in *Jenkins* Found the Opinion Did Not Meet Admissibility Standards | Same Reasons Apply in this Case to Exclude Kendzior? |
|---|---|---|---|
| "1. The condition of the oil rig platform and stairway at the time of Mr. Jenkins' fall constituted a dangerous condition and posed an unreasonable risk of harm." *Jenkins v. Helmerich & Payne Int'l Drilling Co.*, 577 F. Supp. 3d 587, 597 (S.D. Tex. 2021). | "1. The condition of the walkway at the time of Mr. Taylor's fall constituted a dangerous condition and posed an unreasonable risk of harm." *See* Exhibit 1, Kendzior Expert Report. | Kendzior ran no tests on the surface or the contaminating material on which plaintiff allegedly slipped. He does not know the makeup of the contaminating material. He does not know what the coefficient of friction was for the contaminated surface. His opinion was not the product of any testable methodology or evidence-based analysis. *Jenkins*, 577 F. Supp. at 597. | Yes. Kendzior admitted that he never ran any tests on the oil on which Plaintiff allegedly slipped, nor the surface where Plaintiff allegedly slipped, nor the soap used to mop the oil. Exhibit 2, Excerpts of Kendzior's Deposition, Page 36, Line 13 to Page 37, Line 2. He does not know the makeup of the oil on which plaintiff allegedly slipped. *Id.* He does not know what the coefficient of friction was for the surface where plaintiff allegedly slipped. *Id.* He admitted that there is no national standard for testing or "credible" testing that he could run. *Id.* at Page 41, Lines 4 to 15. |
| "2. The Defendants knew or reasonably should have known of the dangerous condition of the oil rig platform and stairway prior to Jenkins' slip and fall." *Jenkins*, 577 F. Supp. at 597. | "2. The Defendant knew or reasonably should have known of the dangerous condition of the walkway prior to Mr. Taylor's slip and fall and should have placed absorbent pads on the walkway and posted warning signs as to alert workers to the impending slip hazard." *See* Exhibit 1, Kendzior Expert Report. | Kendzior arrived at his opinion by noting instances in the record where the defendant was apparently aware of an issue with the stairs, but he has no special insight into whether the defendant knew what happening. *Id.* Kendzior did not rely on "scientific, technical, or other specialized knowledge [to] help the trier of fact to understand the evidence or to determine a fact in | Kendzior relied on a timeline repairs to demonstrate that Defendant was allegedly aware of a problem. Exhibit 2, Excerpts of Kendzior's Deposition, Page 42, Line 13 to Page 43, Line 7. He did not perform any testing. *Id.* at Page 16, Lines 5 to 13. He knows nothing about Defendant, its industry, or the machine involved. *Id.* at Page 17, Line 15 to Page 18, Line 13. Therefore, he did not rely |

| Kendzior's Opinion in *Jenkins v. Helmerich & Payne* that the Court Found Did Not Meet Admissibility Standards | Kendzior's Opinion in This Case | Reasons the Court in *Jenkins* Found the Opinion Did Not Meet Admissibility Standards | Same Reasons Apply in this Case to Exclude Kendzior? |
|---|---|---|---|
| | | issue." *Jenkins*, 577 F. Supp. at 597; *See* Fed. R. Evid. 702. Whether the defendant knew about the slippery stairs or not is something the jurors can determine for themselves. *Jenkins*, 577 F. Supp. at 597. | on any scientific, technical, or other specialized knowledge in forming his opinion. A jury does not need an expert to explain an opinion to them what they can conclude by looking at the record. |
| "3. The Defendants failed to exercise reasonable care to reduce or eliminate the dangerous condition of the oil rig platform and stairway." *Jenkins*, 577 F. Supp. at 597. | "3. The Defendant failed to exercise reasonable care to reduce or eliminate the dangerous condition of the walkway." *See* Exhibit 1, Kendzior Expert Report. | Kendzior's opinion that the condition of the rig was "dangerous" was not the product of any testable methodology or evidence-based analysis. *Jenkins*, 577 F. Supp. at 597.<br><br>Separately, the Court in *Jenkins* permitted Kendzior to testify that the defendant failed to exercise reasonable care to reduce or eliminate the dangerous condition. *Jenkins*, 577 F. Supp. at 597. The Court reasoned that Kendzior's opinions were rooted in nationally recognized industry standards (which provided standards for the energy industry) and the narrative of this case. *Id.* | Yes. Kendzior did not implement any testing method, testing battery, or national standard to arrive at his opinion. Exhibit 2, Excerpts of Kendzior's Deposition, Page 70, Lines 5 to 17. 70:5-17; *Id.* at Page 41, Lines 4 to 15.<br><br>This Court should exclude Kendzior's opinion about Defendant's alleged failure to exercise reasonable care to reduce or eliminate the alleged dangerous condition of the walkway. This is not an energy industry case and Kendzior knows nothing about Defendant, Defendant's industry, or the machine involved. Exhibit 2, Excerpts of Kendzior's Deposition, Page 17, Line 15 to Page 18, Line 13. Kendzior's opinion does not fit the narrative of this case, either. *Jenkins* does not mention any attempt by the defendant to mitigate the alleged danger. In this case, Kendzior concedes that |

2

| **Kendzior's Opinion in *Jenkins v. Helmerich & Payne* that the Court Found Did Not Meet Admissibility Standards** | **Kendzior's Opinion in This Case** | **Reasons the Court in *Jenkins* Found the Opinion Did Not Meet Admissibility Standards** | **Same Reasons Apply in this Case to Exclude Kendzior?** |
|---|---|---|---|
| | | | Defendant tried to mitigate by repairing the leaking machine and having Plaintiff mop the leaks, even though he disagrees with the mitigation measures. *Id.* at Page 63, Lines 18 to 22; *Id.* at Page 89, Line 20 to Page 90, Line 4. Further, Kendzior has no opinion about Defendant's training of Plaintiff in mopping the oil on which Plaintiff allegedly slipped. *Id.* at Page 22, Line 14 to Page 23, Line 2. |
| "4. Prior to Mr. Jenkins' fall, the Defendants had sufficient time to be aware of the dangerous condition and to remedy the condition by way of cleaning off the mud." *Jenkins*, 577 F. Supp. at 597. | "4. Prior to Mr. Taylor's fall, the Defendant was consciously aware of the dangerous condition and had time to either (a.) remedy the walkway condition by way of stopping the hot oil leak, (b.) remove the accumulation of oil from walkway, and (c.) restrict access of the area by way of a barricade." *See* Exhibit 1, Kendzior Expert Report. | Kendzior did not rely on "scientific, technical, or other specialized knowledge [to] help the trier of fact to understand the evidence or to determine a fact in issue." *Jenkins*, 577 F. Supp. at 597; *See* Fed. R. Evid. 702. Jurors can determine on their own whether or not the Defendants had enough time to fix the rig by looking at a timeline of events and whether or not the Defendants could have taken remedial measures. *Jenkins*, 577 F. Supp. at 598. | Yes. The jury is able to decide what from the record what a reasonable time would have been for the Defendant to act and whether remedial efforts could have been undertaken. The jury can read a clock and calendar. Kendzior's opinion is not necessary to assist the jury with this assessment. |
| "5. The dangerous condition of the oil rig platform and stairway was the proximate cause of Mr. Jenkins; slip-and-fall event." *Id.* | "5. The dangerous condition that was present on the walkway was the proximate cause of Mr. Taylor's slip-and-fall event and | Kendzior bases this opinion on Jenkins' statement that he slipped due to the condition of the stairs. This is what causes him to determine that the condition of the stairs caused the slip and fall. *Id.* | Yes. Kendzior bases his opinion on Plaintiff's statement that he slipped on oil and there were photographs of oil on the floor, so it is Kendzior's opinion that the oil on the floor caused Plaintiff to |

3

| Kendzior's Opinion in *Jenkins v. Helmerich & Payne* that the Court Found Did Not Meet Admissibility Standards | Kendzior's Opinion in This Case | Reasons the Court in *Jenkins* Found the Opinion Did Not Meet Admissibility Standards | Same Reasons Apply in this Case to Exclude Kendzior? |
|---|---|---|---|
| | subsequent injuries." See Exhibit 1, Kendzior Expert Report. | However, "there is no expert rhyme or reason underlying that opinion." *Jenkins*, 577 F. Supp. at 598. Kendzior merely regurgitates plaintiff's testimony and says what a video shows. *Id.* The jury can decide for itself about the plaintiff's testimony and what the video shows. *Id.* Kendzior's input on causation will not help the jury. *Id.* | slip. Exhibit 2, Excerpts of Kendzior's Deposition, Page 51, Line 14 to Page 52, Line 21. This is not helpful to the jury because a jury could hear Plaintiff's story and look at the photos. *See Jenkins*, 577 F. Supp. at 597-598. Kendzior gives lay testimony wrapped up as expert testimony. The jury can also watch the security video and decide for itself what the video shows. *Id.* |